UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

                                        Case No.  19-20366

     vs.
                                        HON.  GEORGE CARAM STEEH

JONTE WILEY,

             Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
TO BE RELEASED ON BOND [ECF No. 47]

     This matter is before the Court on defendant Jonte Wiley's motion to

be released on bond.  The Court is familiar with Wiley's case and

determines that a hearing is not required to address his motion.  For the

reasons set forth below, defendant's motion is DENIED.

     Defendant was indicted with being a felon in possession of a firearm.

At the detention hearing on May 28, 2019, Magistrate Judge Whalen

released defendant on bond with several conditions, including that his

travel is restricted to the state of Michigan.  In the year that followed,

defendant violated the terms of his bond on several occasions:

- When granted permission by the Court to travel to St. Louis, Missouri for a family reunion in August 2019, defendant violated his curfew and lied to his Pretrial Services Officer regarding his whereabouts.

- On February 28, 2020, defendant was arrested by the Toledo Police Department and charged with possession of drugs, trafficking of drugs, assault, tampering with evidence and domestic violence.  Defendant did not have permission from the Court or Pretrial Services to travel to Ohio.

- On April 22, 2020, at 3:55 a.m., defendant received a traffic citation from the Michigan State Police in Monroe, Michigan for going 16-20 miles over the speed limit.  Defendant lied about his whereabouts to his Pretrial Services Officer, though he later called the officer back and admitted he was being untruthful.

In May of 2020, defendant requested that the terms of his bond be temporarily amended so he could travel to Florida to take care of his girlfriend post-surgery.  The Court denied defendant's request because of his previous violations of his release conditions.

Based on his pre-trial release violations, defendant was arrested and ordered to appear at a bond revocation hearing.  The Court revoked

defendant's bond on August 14, 2020.  On August 19, 2020, defendant entered a guilty plea pursuant to a plea agreement, which recommended a guideline range of 18-24 months.  Sentencing is scheduled for December 19, 2020.  Defendant moves the Court to release him on bond pending sentencing.

Defendant is being housed at the Sanilac County jail, which has reported cases of COVID-19.  Defendant contends that he has a history of asthma and more recently kidney problems.   Defendant wants to be released to home confinement in order to avoid potential exposure to the coronavirus.  In addition, he states that he would be able to take care of his child while his fiancé works.  Finally, if released, defendant maintains he would be able to address the charges he faces in Ohio, which he is not able to do while he is in custody.

The Court is not persuaded by defendant's arguments in favor of release.  Based on defendant's previous behavior while on bond, he cannot be trusted to abide by any conditions of release.  This includes practicing responsible behavior to avoid exposure to, and spreading of, COVID-19 if released on bond.  Accordingly,

IT IS HEREBY ORDERED that defendant's motion to be released on bond is DENIED.

Dated:  September 29, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 29, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---