UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONTE WILEY,

    Defendant.
_____/

Case No. 19-20366

Hon. George Caram Steeh

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF NO. 63]

Defendant Jonte Wiley seeks compassionate release from prison, relief that the government opposes. For the reasons explained below, the Court denies defendant's motion.

## BACKGROUND

Wiley was charged by complaint and released on bond in May 2019 and later indicted for felon in possession of a firearm in violation of 18 U.S.C. § 922(g), on June 4, 2019. On August 19, 2020, Wiley entered a plea of guilty. This Court sentenced him to 24 months in prison on December 8, 2020. Wiley seeks compassionate release because he has moderate to severe asthma, which he claims puts him at heightened risk of illness from Covid-19. He also asserts that he has bronchitis and possibly

-1-

cardiomyopathy-left ventricular hypertrophy.  Wiley is currently 25 years old and has a projected release date of March 20, 2022.

While on pretrial release in this case, Wiley was arrested twice for domestic violence related offenses in Toledo, Ohio despite not being permitted to leave Michigan.  In addition, he is currently under indictment for felony charges for trafficking in a fentanyl-related compound in Ohio.  The drug charges are still pending.  The Court revoked Wiley's bond on June 22, 2020, in part due to his arrests and for leaving the state while on bond.  On September 18, 2020, Wiley filed a motion asking to be released on bond, citing the Covid-19 pandemic and his history of asthma and an unspecified kidney problem, among other reasons.  The Court denied Wiley's motion based on his previous behavior while on bond.

On November 13, 2020, prior to being sentenced in this matter, Wiley submitted a request to the Warden at Milan, seeking compassionate release.  Wiley was sentenced by this Court to 24 months on December 8, 2020.  Three days later, on December 11, 2020, the Warden denied Wiley's request for compassionate release because he did not meet the criteria for a debilitated medical condition.

## LEGAL STANDARD AND ANALYSIS

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Prior to the effective date of the First Step Act, only the Bureau of Prisons could move for compassionate release, upon a finding that extraordinary and compelling reasons supported a sentence reduction. The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek compassionate release on his own behalf.

If a defendant moves for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the Bureau of Prisons or waiting 30 days from when the warden at his facility received his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Next, the defendant must show "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A). The defendant's "generalized fears of contracting Covid-19, without more," do not satisfy

this requirement.  *United States v. Jackson*, 2020 U.S. App. LEXIS 32269, at *6 (6th Cir. Oct. 13, 2020).

Finally, even if a defendant is eligible for compassionate release, a district court may not grant the motion unless the factors in 18 U.S.C. § 3553(a) support release.  18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1008–09 (6th Cir. 2020).  Those factors require the district court to consider the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, and the protection of the public.  18 U.S.C. § 3553(a).  This Court's "initial balancing of the § 3553(a) factors during [the defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction" when a defendant requests compassionate release.  *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. Feb. 2, 2021).

At issue in this case is whether Wiley satisfied the exhaustion requirement where he made his request for compassionate release to the BOP before he was sentenced by the Court.  Section 3582(c) permits a court to modify "a term of imprisonment once it has been imposed."  The government points out that since no sentence had been imposed yet, there

was nothing to modify—whether by the BOP's motion or Wiley's. Without a sentence was in place, the BOP lacked any authority to act on Wiley's administrative request at the time he submitted it.

Indeed, release before sentencing is governed by 18 U.S.C. § 3143(a), not § 3582(c). Convicted defendants may be released pending sentencing, only if the judge "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). Moreover, § 3582 exists to address unanticipated changes in circumstances that occur after sentencing. *See Setser v. United States*, 566 U.S. 231, 242-3 (2012) ("[W]hen the district court's failure to anticipate developments that take place after the first sentencing produces unfairness to the defendant, the Act provides a mechanism for relief." (cleaned up) (citing 18 U.S.C. § 3582(C)(1)(A)). Permitting the § 3582 process to start before the sentencing proceeding has even happened is contrary to the statute and logic.

Wiley argues that certain circumstances can excuse a party's failure to exhaust administrative remedies, particularly where there is an absence of mandatory exhaustion language in the language of the First Step Act. Wiley contends that exhaustion should be excused in this case due to

futility and undue prejudice; because of the dangers posed by Covid-19, requiring him to seek relief from the Warden and wait 30 days to bring his motion before the Court has the potential of turning his remaining sentence into a death sentence.  However, the Sixth Circuit has held that the First Step Act's statutory exhaustion requirement is "a mandatory condition" that "must be enforced" when the government properly raises it, as the government has done in the present case.  *Alam*, 960 F.3d at 832-36.

The Court finds that Wiley has failed to exhaust administrative remedies as required.  Wiley's motion for compassionate release is therefore dismissed without prejudice.  *Id*. at 836.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Wiley's motion for compassionate release (ECF No. 63) is DENIED without prejudice.

Dated:  April 8, 2021

            s/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 8, 2021, by electronic and/or ordinary mail.

s/Leanne Hosking
Deputy Clerk

---